ANNA M. LEHNER et al., Plaintiffs, *v.* PROCTOR & GAMBLE MANUFACTURING COMPANY, Defendant.

City Court of the City of New York, Trial Term, New York County, December 16, 1954.

*Max Shlivek* for plaintiffs.

*Bernard Gostowki* for defendant.

PICARIELLO, J. This case was tried by the court without a jury.

Plaintiff, Anna M. Lehner, brings this action to recover damages for personal injuries sustained by her as a result of using a detergent known as " Tide " on or about October 10, 1952. Plaintiff's husband, Joseph W. Lehner, also seeks to recover the usual special damages attendant upon lawsuits of this nature.

Plaintiff testified that she attended a television show sponsored by the defendant and at which it was represented that the defendant's product, " Tide ", was " kind and harmless " to hands. The defendant admits that its said detergent is widely and extensively advertised as " Tide's kind to hands, too ". Plaintiff further testified that in reliance upon the said advertisement and representation she requested her employer to purchase " Tide " for her use in washing some walls and that she did, in fact, use the said detergent; that after using the said defendant's product her hands became blistered, broken out, infected and discolored and that thereafter this condition spread

to various other parts of her body; that she had used soaps and other detergents for many years without ill effects and that this was the first time she had used " Tide ".

Plaintiff's expert dermatologist testified that the plaintiff was caused to suffer from contact or eczematous dermatitis and that such condition was caused to the plaintiff from the use of " Tide ".

The defendant's expert doctor testified that he examined the plaintiff on one occasion and diagnosed her condition as atopic dermatitis and not caused by contact with the defendant's product.

The court finds as a fact that the condition suffered by the plaintiff was a contact or eczematous dermatitis caused by the plaintiff's use of " Tide ".

The defendant's biochemist testified that this product was tested extensively and that in the course of many tests by housewives at home, there was revealed a redness, dryness and irritation of the skin in about 7% of the cases tested. The testimony further indicates that the concentration of the solution used would cause a relatively greater or lesser number of persons to be affected thereby and would determine the severity of the effects thereof. The defendant concededly did not give instructions or directions to the public for the use of said product nor did it suggest any concentration of the solution to be used.

Plaintiff brings this action in negligence to recover damages for personal injuries sustained by her, as aforesaid, and predicates her claim of negligence upon (1) the presence and the marketing by defendant of a product composed and compounded of harmful, deleterious and inherently dangerous substances and (2) upon the false and misleading advertisement of the said product.

Based upon the credible evidence, the court finds that the plaintiff has not established that the product involved contained any harmful, deleterious or inherently dangerous substance and that none in fact was contained therein. The court, however, feels that the plaintiff has sustained her burden of proof in establishing that the defendant, in advertising its product as " kind to hands " and in endeavoring to build up in the public mind the belief that this product was harmless to all users, was negligent, when in fact the defendant, by and as a result of its own extensive tests, knew that such was not the fact. Further the defendant, despite such knowledge, continued its stated advertising and did not in any way apprise the public

of possible danger to some users of the product. The defendant knew that its product was of an irritating nature to a substantial number of persons testing the product. The continued advertising of said product as '' kind to hands '' was in effect a tortious act for which this defendant is liable.

Defendant's motion to dismiss plaintiffs' complaint made at both the end of plaintiffs' case and again at the close of the entire case is denied. Rulings on various objections taken by the parties during trial were reserved. The plaintiffs' objections are overruled and the defendant's objections are sustained.

The court feels that the injuries of the plaintiff wife were both of a substantial nature and of long duration and caused said plaintiff great discomfort, anguish and pain.

Judgment for plaintiff, Anna M. Lehner, against the defendant in the sum of $4,500. Judgment for plaintiff Joseph W. Lehner against the defendant on his cause of action in the sum of $1,000.

Findings of fact and conclusions of law having been waived, the foregoing constitutes the decision of the court.

Let judgment be entered accordingly.